BEFORE THE SECOND DIVISION, JULY 27, 1960

No. 64411.—Steelmasters, Inc. v. United States, petition 7232–R (New York).

Lawrence, Judge: By a petition for remission of additional duties filed pursuant to section 489 of the Tariff Act of 1930 (19 U.S.C. § 1489), as it existed prior to the effective date of the Customs Simplification Act of 1953 (67 Stat. 507), petitioner seeks to recover additional duties imposed on an importation of chinaware from Germany.

Said duties had been imposed by virtue of the fact that the appraised value of the merchandise exceeded the value declared upon entry.

The circumstances which gave rise to the instant controversy were explained to the court through the following testimony of Arthur Scholder, who appeared on behalf of petitioner. Scholder identified himself as vice president of Steelmasters, Inc., importer of general merchandise including chinaware, optical goods, and housewares. In that capacity, he was in charge of all European purchasing from 1945 to 1953 and stated he was familiar with the merchandise in question and that he had personally placed the order therefor at the factory in Germany. There had been an extended course of dealing with Heinrich, shipper of the present merchandise, and it was that company's practice to bill petitioner in United States currency, which was the basis for all purchases and contracts. In the present instance, however, the shipment was billed on two invoices, one expressed in United States currency and the other in deutsche marks. This circumstance was not noted at the time of entry at the invoiced prices and resulted in appraisement of the merchandise invoiced in deutsche marks at a higher value.

Scholder stated that both invoices had been submitted to the examiner prior to entry of the merchandise, as had been their practice on all importations. He was at a loss to understand or explain why in this particular instance one of the invoices was prepared in deutsche marks whereas, in all other cases, they had been prepared in United States dollars.

The witness testified that his company started doing business with Germany after the war under the auspices of the State Department in order to rehabilitate the German china industry, and that purchases were made from a number of German china factories. It was the practice to keep the appraiser of merchandise

informed on all of these transactions and, in the instant case, full disclosure of all information in his possession was made to the appraising authorities.

Scholder could not explain why after receiving notice of appraisement an amendment was not made. Such matters were handled at that time by a customs broker, Joseph Pilcer, who has since died. An appeal for a reappraisement was filed in connection with the instant importation, but said appeal was finally abandoned.

For a petitioner to succeed in remission proceedings, it is incumbent on it to produce satisfactory evidence that the entry of the merchandise at less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. As was stated by our appellate court in *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301, T.D. 41220—

Each case must be determined upon the circumstances and conditions peculiar to it, supplemented by such evidentiary facts as may be required to fully explain the matters in issue. * * * Proof of the circumstances and conditions, and a full and candid explanation thereof is required. Anything less than that is not sufficient. * * *

It is the opinion of the court in this case that petitioner has met the burden placed upon it and that such satisfactory evidence of good faith and full disclosure has been presented as warrants the granting of the instant petition. We so hold.

Judgment will be entered accordingly.